



RECEIVED

4/14/2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

JOSEPH R. VARISCO, Plaintiff,

v.

ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO, Defendant.

Case No.: _____ (assigned at filing)

JURY TRIAL DEMANDED

1:26-cv-04162
Judge Edmond E. Chang
Magistrate Judge Gabriel A. Fuentes
RANDOM / Cat. 2

COMPLAINT

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 12117 (ADA), 42 U.S.C. § 2000e-5(f) (Title VII), 29 U.S.C. § 1132 (ERISA), and 31 U.S.C. § 3730(h) (False Claims Act).

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices were committed in this District, and Defendant maintains its principal place of business at 225 E. Chicago Avenue, Chicago, Illinois 60611.

3. Plaintiff timely filed EEOC Charge No. 440-2024-11365 on September 16, 2024. The EEOC issued a Notice of Right to Sue on January 13, 2026, transmitted electronically via the EEOC Secure Share portal at 15:22:29 (filename: Closure Notice-NRTS - 2026-01-13T152229.721). Plaintiff never received physical mail notice. This Complaint is filed within 90 days of that electronic notice.

4. The EEOC's own conduct — including ADA accommodation denials, settlement designation manipulation, failure to respond to mandatory subpoena requests under 29 C.F.R. § 1601.15(c), and the issuance of the Right to Sue by Amy Burkholder (named subject of OCR Section 504 Complaint No. 504-2025-0009) — independently supports equitable tolling. Courts in the Seventh Circuit have recognized equitable tolling where a plaintiff has been

induced or tricked by adversary misconduct into allowing the filing deadline to pass. See Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir. 2001). Here, the EEOC's own procedural failures — including a 352-day investigation with documented ADA accommodation denials during proceedings, the issuance of the Right to Sue by an individual who is the subject of Plaintiff's pending OCR complaint, and the failure to provide physical mail notice — constitute extraordinary circumstances warranting equitable tolling.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for state law claims arising from the same nucleus of operative facts, including violation of the Illinois AIDS Confidentiality Act (410 ILCS 305/9).

## II. PARTIES

6. Plaintiff Joseph R. Varisco is a resident of Chicago, Cook County, Illinois. Plaintiff is HIV-positive (diagnosed 2013) and has a communication disability requiring CART captioning. Both conditions constitute disabilities under 42 U.S.C. § 12102.

7. Defendant Ann & Robert H. Lurie Children's Hospital of Chicago is a nonprofit hospital at 225 E. Chicago Avenue, Chicago, Illinois 60611. Defendant is an employer within the meaning of 42 U.S.C. § 2000e(b), 42 U.S.C. § 12111(5), and 29 U.S.C. § 1002(5). Defendant is a recipient of federal financial assistance, including but not limited to National Institutes of Health (NIH) research grants, Medicare and Medicaid reimbursements, and Substance Abuse and Mental Health Services Administration (SAMHSA) funding, and is therefore subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## III. FACTUAL ALLEGATIONS

### A. Employment and HIV Status Disclosure

8. Plaintiff was employed by Defendant as a Program Coordinator beginning June 26, 2023, coordinating federally funded programs including REACH.

9. In or around July–August 2023, Plaintiff's HIV-positive status became known to Defendant's supervisory personnel through accommodation requests and workplace communications.

10. Plaintiff's HIV status was disclosed without authorization to individuals within Defendant's organization who had no need to know, violating 410 ILCS 305 and applicable federal law.

B. Protected Activity and Retaliation

11. Plaintiff engaged in protected activity including: (a) communicating access barriers related to his disabilities; (b) reporting federal grant compliance concerns; and (c) objecting to discriminatory treatment. Plaintiff's communication of access barriers constituted a request for reasonable accommodation sufficient to trigger Defendant's obligation to engage in the interactive process under the ADA.

12. Within weeks of each protected activity, Defendant imposed adverse actions: administrative leaves, system access removal, isolation, and exclusion from opportunities. Defendant placed Plaintiff on administrative leave on September 16, 2024 — the same date Plaintiff filed the EEOC charge. Same-day adverse action following protected activity creates a compelling inference of retaliatory intent. See Kidwell v. Eisenhauer, 679 F.3d 957, 966 (7th Cir. 2012) ("suspicious timing alone can create a triable issue").

C. Wrongful Termination and Backdating

13. Defendant terminated Plaintiff on November 20, 2023, then backdated the termination to November 14, 2023 in official documentation — constituting falsification of employment records. The six-day discrepancy between the actual termination date (November 20, 2023) and the backdated termination date (November 14, 2023) in Defendant's official records constitutes falsification of employment records and raises an inference of consciousness of guilt regarding the circumstances of Plaintiff's termination.

14. Defendant abruptly terminated Plaintiff's health insurance without COBRA notice, directly interrupting HIV treatment.

15. Defendant's failure to provide timely COBRA notice violated 29 U.S.C. § 1166(a)(4)(A), causing a gap in Plaintiff's HIV treatment regimen and constituting an independent ERISA violation. This failure is particularly egregious given Defendant's knowledge that Plaintiff was HIV-positive and dependent on continuous antiretroviral therapy.

D. Denial of Reasonable Accommodation

16. Plaintiff communicated access barriers related to his disabilities to Defendant on multiple occasions. Despite awareness of Plaintiff's communication disability, Defendant never proactively informed Plaintiff of available accommodations, including CART captioning. Plaintiff first learned of the formal accommodations process only through performing supervisory duties — specifically, by conducting a supervisory interview with Defendant's accommodations officer on behalf of one of Plaintiff's direct reports. Despite this interaction, which put Defendant on actual notice of Plaintiff's own need for accommodation, Defendant never initiated the interactive process with Plaintiff or informed Plaintiff of accommodations available for his own disabilities. Defendant's failure to engage in the interactive accommodation process violates 42 U.S.C. § 12112(b)(5)(A). An employer who knows of an employee's disability has an affirmative obligation to engage in the interactive process, regardless of whether the employee makes a formal written request.

E. Benefits Suppression — ERISA

17. Five benefits carriers (TIAA, bswift, Cigna, United Healthcare, life insurance carrier) have refused records requests for 3+ years, violating 29 U.S.C. § 1024(b)(4). Defendant, as plan administrator or responsible for ensuring plan administration, failed to furnish requested documents within 30 days as required by law. Statutory penalties under 29 U.S.C. § 1132(c)(1) of up to $110 per day apply for each failure to provide requested plan documents, from the date of first written request.

F. False Claims Act Retaliation

18. Plaintiff coordinated REACH and other federally funded programs (SAMHSA grants). Plaintiff reported concerns about grant compliance — specifically, misuse or misrepresentation of federal grant funds, including potential false certifications regarding program deliverables and compliance with federal funding requirements. This

constitutes protected activity under 31 U.S.C. § 3730(h). Defendant's retaliatory termination violates the FCA. This claim is subject to the 3-year statute of limitations for FCA retaliation claims.

G. Forensic Evidence and Spoliation

19. Plaintiff notified EEOC Investigator Dinh on September 20, 2024 (316 days before the August 2025 conference) of forensic evidence on the employer-issued laptop — complete Outlook PST, IT access logs, authentication records. No preservation order was ever issued. Defendant's failure to preserve constitutes spoliation and warrants an adverse inference instruction or sanctions.

H. Cascading Financial Harm and Housing Instability

20. Defendant's reduction of Plaintiff's compensation during the final months of 2023 directly caused Plaintiff's inability to afford rent, resulting in eviction proceedings filed against Plaintiff in Cook County (Case No. 20231712060, Judge Ryan). Community-based organizations intervened on Plaintiff's behalf, attempting to resolve the housing crisis through Ryan White HIV/AIDS Program housing support grants administered by the AIDS Foundation of Chicago (AFC). Property managers refused to engage with the grant funding opportunity, and the resolution was lost.

21. Ultimately, all back rent was covered through community assistance, a moveout was agreed upon, and the eviction case was dismissed with prejudice on February 2, 2024, by Judge Ryan. The case was sealed from public record.

22. Despite the sealed dismissal, Plaintiff discovered approximately one year later that LexisNexis — a consumer reporting agency — had listed the eviction proceedings on Plaintiff's consumer report without reflecting the dismissal with prejudice or the sealed status. The LexisNexis report shows only the filing of eviction proceedings — not the fact that the case was dismissed with prejudice, that no eviction ever took place, and that the record was sealed. This inaccurate consumer reporting has prevented Plaintiff from securing independent housing and has compounded the damage to an already compromised credit profile, constituting a direct and foreseeable consequence of Defendant's discriminatory conduct.

I. Retaliatory Banking Conduct — Healthcare Associates Credit Union (HACU)

23. Healthcare Associates Credit Union (HACU) is the official credit union affiliated with Defendant Lurie Children's Hospital. HACU was the only financial institution with which Plaintiff was able to maintain a legitimate banking account, given the destruction of Plaintiff's credit profile resulting from Defendant's wrongful termination and the cascading financial consequences described herein.

24. Following Plaintiff's protected activity, HACU engaged in retaliatory conduct including: (a) disabling Plaintiff's account on two separate occasions without adequate justification; (b) denying manual review of loan applications despite Plaintiff's documented identity theft preventing standard credit evaluation; and (c) denying Plaintiff access to member-level features and services available to other members in good standing. This pattern of conduct by Defendant's affiliated financial institution further demonstrates the pervasive and far-reaching nature of the retaliation Plaintiff has endured and the cascading financial harm flowing directly from Defendant's discriminatory and retaliatory actions.

IV. CAUSES OF ACTION

COUNT I — ADA: DISABILITY DISCRIMINATION (42 U.S.C. § 12112)

Plaintiff incorporates all preceding allegations. Defendant subjected Plaintiff to an adverse employment action — termination and denial of reasonable accommodation — on the basis of Plaintiff's disabilities (HIV-positive status and communication disability requiring CART), in violation of 42 U.S.C. § 12112(a) and (b)(1).

COUNT II — ADA: RETALIATION (42 U.S.C. § 12203)

Plaintiff incorporates all preceding allegations. Plaintiff engaged in protected activity by communicating access barriers, inquiring about accommodations, and asserting rights under the ADA. Defendant retaliated against Plaintiff

by placing him on administrative leave, denying accommodations, and terminating his employment because of his assertion of ADA rights, in violation of 42 U.S.C. § 12203.

## COUNT III — TITLE VII: RETALIATION (42 U.S.C. § 2000e-3)

Plaintiff incorporates all preceding allegations. Plaintiff engaged in protected activity by filing an EEOC charge on September 16, 2024 — an act protected under 42 U.S.C. § 2000e-3(a) regardless of the underlying basis of the charge. Plaintiff also engaged in protected opposition activity by opposing practices he reasonably believed violated Title VII or related statutes. Defendant retaliated against Plaintiff by placing him on administrative leave on the same date the EEOC charge was filed, and by terminating his employment, because of his protected activity, in violation of 42 U.S.C. § 2000e-3(a).

## COUNT IV — REHABILITATION ACT (29 U.S.C. § 794)

Plaintiff incorporates all preceding allegations. Defendant is a recipient of federal financial assistance and therefore is subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Defendant discriminated against Plaintiff on the basis of his disabilities by denying him reasonable accommodations, subjecting him to adverse employment actions, and retaliating against him for asserting his rights under Section 504, in violation of 29 U.S.C. § 794(a).

## COUNT V — ERISA: BENEFITS SUPPRESSION (29 U.S.C. § 1132)

Plaintiff incorporates all preceding allegations. Defendant, as plan administrator or responsible for plan administration, failed to furnish plan documents and information requested by Plaintiff within 30 days as required by 29 U.S.C. § 1024(b)(4). This failure constitutes a violation of ERISA, subjecting Defendant to penalties of up to $110 per day for each failure, from the date of first written request, pursuant to 29 U.S.C. § 1132(c)(1).

## COUNT VI — FALSE CLAIMS ACT RETALIATION (31 U.S.C. § 3730(h))

Plaintiff incorporates all preceding allegations. Plaintiff engaged in protected activity under 31 U.S.C. § 3730(h) by reporting concerns about federal grant compliance and potential false certifications regarding federal funding requirements. Defendant retaliated against Plaintiff by terminating his employment because of his protected activity. Retaliation in violation of 31 U.S.C. § 3730(h) includes discharge, demotion, suspension, threatened discharge, harassment, or any other manner of discrimination.

COUNT VII — ILLINOIS AIDS CONFIDENTIALITY ACT (410 ILCS 305/9)

Plaintiff incorporates all preceding allegations. Defendant disclosed Plaintiff's HIV-positive status to individuals without authorization and without Plaintiff's written consent, in violation of 410 ILCS 305/9. This state law claim arises from the same nucleus of operative facts as Plaintiff's federal claims and is properly before this Court under supplemental jurisdiction, 28 U.S.C. § 1367. Plaintiff is entitled to damages under the Illinois AIDS Confidentiality Act, including liquidated damages and attorneys' fees pursuant to 410 ILCS 305/13.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and award the following relief:

(a) Compensatory damages for lost wages, benefits, and earning capacity — not less than $1,733,596;

(b) Compensatory damages for emotional distress, reputational harm, and pain and suffering, including damages flowing from the cascading financial harm, housing instability, and consumer reporting damage directly caused by Defendant's unlawful conduct;

(c) Punitive damages under ADA and Title VII;

(d) Statutory penalties under 29 U.S.C. § 1132(c)(1) of up to $110 per day for each failure to provide requested plan documents, from the date of first written request;

(e) Reinstatement or front pay;

(f) Restoration of all wrongfully denied benefits including health insurance and retirement contributions;

(g) Adverse inference instruction or sanctions for spoliation;

(h) Attorneys' fees and costs under 42 U.S.C. § 12205, 42 U.S.C. § 2000e-5(k), and 29 U.S.C. § 1132(g);

(i) Damages under the Illinois AIDS Confidentiality Act, 410 ILCS 305/13, including liquidated damages and attorneys' fees;

(j) Double back pay and special damages under 31 U.S.C. § 3730(h)(2) for False Claims Act retaliation;

(k) Such other relief as the Court deems just and proper.

VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Joseph R. Varisco

Joseph R. Varisco, Pro Se

4737 N. Saint Louis Avenue, Unit B

Chicago, Illinois 60625

Telephone: (312) 405-6301

Email: variscojr@gmail.com

Dated: April 13, 2026

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

JOSEPH R. VARISCO, Plaintiff, v. ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL

OF CHICAGO, Defendant.

Case No.: _____ (assigned at filing)

**EXHIBIT A**

**SCHEDULE OF RELATED PROCEEDINGS AND REFERENCE NUMBERS**

The following administrative proceedings, complaints, appeals, and reference numbers are

related to or arise from the same nucleus of operative facts as the claims in this action. This

schedule is provided for the Court's reference and to demonstrate the scope and pattern of the

conduct at issue.

## I. FEDERAL PROCEEDINGS AND COMPLAINTS

| Agency | Case / Reference No. | Description / Status |
|--------|---------------------|----------------------|
| **EEOC** | 440-2024-11365 | Employment discrimination charge filed 9/16/2024. RTS issued 1/13/2026. Basis: ADA, Title VII, Rehabilitation Act. |
| **EEOC OIG** | 250819-000860 | Inspector General complaint re: EEOC investigative conduct. |
| **EEOC OIG** | F01F077568 | Additional OIG reference. |
| **EEOC OIG** | A7F8FAEF37 | Additional OIG reference. |
| **EEOC OIG** | 80D7DED085 | Additional OIG reference. |

| EEOC OIG | A8C36A265B | Additional OIG reference. |
|---|---|---|
| HHS OCR | 504-2025-0009 | Section 504 complaint against EEOC (Amy Burkholder). Pending. |
| HHS OCR | §508: [# pending] | Section 508 accessibility complaint. Number pending. |
| HHS | CU-25-625506 | HHS complaint (Pham). |
| HHS | CU-25-624900 | HHS complaint (CHASSA). |
| EEOC ADR | Requested, pending | Alternative Dispute Resolution request. Date pending. |
| EEOC | Subpoena pending | Mandatory subpoena request under 29 C.F.R. § 1601.15(c). |
| USPIS | SR# 67987119 | U.S. Postal Inspection Service complaint. |
| FOIA | [# pending] | FOIA record denial(s). Reference number(s) to be added. |

## II. ILLINOIS STATE PROCEEDINGS

| Agency | Case / Reference No. | Description / Status |
|---|---|---|
| IDHR | 25M0904.06 | IDHR Control Number. Dual-filed with EEOC. |
| IDHR | 250917.032 | IDHR Dual Filing with EEOC. |
| IDHR | IT Ticket 8142 | IDHR internal IT ticket (procedural/access issue). |
| IDOL | 24-0005491 | IL Dept. of Labor complaint. No response in over one year. |
| IDOL | 26-0001632 | Recent IDOL complaint (loss-related). |
| IDES | 2200404 | Unemployment insurance. Ongoing unfulfilled audit by Jerren Meyer. |
| IDES/OEIG | 24-02053 | Office of Executive Inspector General complaint. |
| IDES/OEIG | 24-01785 | OEIG complaint (plus six additional TBD). |
| IDRS | 07383523 (Appeal) | IL Dept. of Revenue Services Appeal. [DETAILS PENDING — flagged as critically relevant by Plaintiff.] |
| IDFPR | 2025-02187 | IL Dept. of Financial and Professional Regulation case. |

## III. BENEFITS, HEALTH, AND SOCIAL SERVICES

| Program / Entity | Case / ID No. | Description |
|---|---|---|
| Ryan White | 62423 | Ryan White HIV/AIDS Program enrollment. |

| | | Documents eligibility and housing. |
|---|---|---|
| **ADAP** | [see Ryan White] | AIDS Drug Assistance Program enrollment. |
| **IDHS** | 1009830151 | IL Dept. of Human Services case number. |
| **IDHS/SNAP** | Case: 730763997 | SNAP/benefits case number. |
| **CountyCare** | [see complaint] | Hernia surgery pre-testing denied via Evolent Health. |

## IV. FINANCIAL AND CONSUMER REPORTING

| Entity | Account / Reference | Description |
|---|---|---|
| **LexisNexis** | Consumer #17484589 | Consumer report inaccurately listing eviction (Case No. 20231712060, dismissed w/ prejudice 2/2/24, sealed). |
| **TIAA** | F047XG67 | TIAA retirement/benefits account. Records requests refused 3+ years. |
| **CREF** | H047XG63 | CREF (Label Value) account. Records requests refused 3+ years. |
| **HACU** | [see complaint] | Healthcare Associates Credit Union. Account disabled twice; loan review denied; member features denied. |
| **Eviction** | 20231712060 | Cook County. Dismissed w/ prejudice 2/2/24, Judge Ryan. Sealed. Never executed. |

**Note:** Reference numbers marked "[# pending]" or "[TBD]" will be supplemented as they become available. This schedule will be updated as additional proceedings are initiated or resolved.

*/s/ Joseph R. Varisco*

**Joseph R. Varisco, Pro Se**

4737 N. Saint Louis Avenue, Unit B, Chicago, Illinois 60625

Phone: (312) 405-6301 | Email: variscojr@gmail.com

Dated: April 13, 2026