



FILED
4/14/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AW

AO 240 (Rev. 07/10)

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS — EASTERN DIVISION

**JOSEPH R. VARISCO,**

   *Plaintiff,*

v.

**ANN & ROBERT H. LURIE CHILDREN'S HOSPITAL OF CHICAGO,**

   *Defendant.*

1:26-cv-04162
Judge Edmond E. Chang
Magistrate Judge Gabriel A. Fuentes

Case No.: _____  RANDOM / Cat. 2

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS (AO 240)

I, Joseph R. Varisco, declare under penalty of perjury that I am the Plaintiff in this matter and

that because of my poverty I am unable to pay the costs of these proceedings.

## 1. INCOME

Currently employed? No — as of the date of this filing.

Plaintiff has no employment income. SNAP benefits have been reduced and are subject to

pending recertification. Unemployment insurance (IDES) was previously exhausted. Plaintiff's

most recent employment was a part-time position as a Regulatory Compliance and Quality

Assurance Specialist, secured after a prolonged and repeatedly unsuccessful job search following

wrongful termination by Defendant. That position ended as a direct consequence of Plaintiff's ongoing HIV-related health needs, the necessity of forthcoming hernia surgery, and the financial strain those medical circumstances imposed on the small-business employer.

Last employer (subject of this action): Ann & Robert H. Lurie Children's Hospital of Chicago

Last gross monthly wages at Lurie: $5,416.67 (annual salary $65,000 ÷ 12)

Date employment ended: November 20, 2023 (backdated by Defendant to November 14, 2023)

Current income: Effectively zero. SNAP benefits (previously $290.00/month) are subject to reduction and recertification. All other income: $0.00.

## 2. CASH AND BANK ACCOUNTS

Total cash on hand and bank balances across all accounts (checking, savings, and digital payment platforms): under $100.00. This amount is insufficient to cover basic necessities, let alone the $405.00 filing fee. Plaintiff has been unable to maintain savings since wrongful termination in November 2023 — over 29 months ago.

Healthcare Associates Credit Union (HACU), the official credit union affiliated with Defendant Lurie Children's Hospital, was the only financial institution with which Plaintiff was able to maintain a legitimate account. However, HACU has disabled Plaintiff's account on two separate occasions, denied manual review of loan applications, and denied Plaintiff access to member-level features — further restricting Plaintiff's already severely limited access to financial services.

## 3. ASSETS

Real estate: None. Motor vehicle: None. Stocks, bonds, or investments: None. Employer-issued laptop retained solely as forensic evidence — not a personal asset.

## 4. DEBTS AND FINANCIAL OBLIGATIONS

Plaintiff carries approximately $25,000 in student loan debt, the status of which is subject to ongoing legislative changes and pending class action litigation.

Plaintiff is also an identity theft victim with a compromised Social Security number. Multiple accounts were opened without Plaintiff's knowledge, resulting in serious harmful errors on consumer reports. Credit bureaus have been frozen pursuant to security freeze requests. Plaintiff has filed an FTC Identity Theft Report and is in the process of filing a second report, an Illinois Attorney General Identity Theft Affidavit (notarized), and a police report. FCRA block requests have been submitted. As a direct consequence, Plaintiff has no access to credit, no ability to obtain loans or credit cards, and no capacity to borrow funds from any source.

Additionally, LexisNexis — a consumer reporting agency — continues to report eviction proceedings (Cook County Case No. 20231712060) on Plaintiff's consumer report, despite the fact that the case was dismissed with prejudice on February 2, 2024, by Judge Ryan, and sealed from public record. No eviction ever took place. The eviction proceedings were a direct consequence of Defendant's reduction of Plaintiff's compensation during late 2023, which rendered Plaintiff unable to afford rent. Community organizations intervened through Ryan White HIV/AIDS Program housing support grants via the AIDS Foundation of Chicago (AFC), but property managers refused to engage. All back rent was ultimately covered and a moveout was agreed upon. The inaccurate LexisNexis reporting — showing only the filing, not the

dismissal — has prevented Plaintiff from securing independent housing and has compounded the damage to Plaintiff's already compromised financial profile.

## 5. MONTHLY EXPENSES

Housing: Shared occupancy formally documented as primary residence in Ryan White HIV/AIDS Program and ADAP eligibility records (IDPH). Plaintiff's ability to contribute to rent has deteriorated significantly and is currently unsustainable. Plaintiff's inability to secure independent housing is directly attributable to the inaccurate LexisNexis consumer report and the destruction of Plaintiff's credit resulting from Defendant's unlawful conduct and subsequent identity theft.

| Expense | Monthly Amount | Notes |
| --- | --- | --- |
| Rent (Plaintiff's share) | $700.00 | Half of $1,400/mo. Documented in Ryan White/ADAP records. Plaintiff increasingly unable to contribute. |
| Internet | $145.25 | Essential for telehealth, job search, legal case management. |
| Car insurance | $77.00 | |
| Pet care | ~$100.00 | Ongoing medical/nutritional need. |
| Medical / HIV (unreimbursed) | Variable | ADAP/Ryan White coverage disrupted; ongoing unreimbursed costs. |
| Hernia surgery (denied) | TBD | Pre-surgical testing denied by CountyCare via Evolent Health. Condition worsened significantly over nearly 3 years. CT scan and surgical consult pending. |
| TOTAL (known fixed) | ~$1,022.25/mo | Excludes variable medical costs and denied surgical claims. |

Fixed monthly expenses (~$1,022.25) vastly exceed income (effectively $0.00, with SNAP benefits subject to recertification). Indigency is independently verified by active SNAP

enrollment, Ryan White HIV/AIDS Program participation, and ADAP enrollment. Plaintiff has no ability to pay the $405.00 filing fee, and requiring payment would effectively deny Plaintiff access to the courts in violation of due process.

Plaintiff is unable to borrow funds to pay the filing fee. Credit has been destroyed by identity theft (compromised SSN, frozen credit bureaus, fraudulent accounts), compounded by the inaccurate LexisNexis eviction reporting and HACU's retaliatory banking conduct. No individual or institution is willing or able to extend credit or a personal loan to Plaintiff.

## 6. DISABILITY STATUS

Plaintiff is HIV-positive (diagnosed 2013) with a communication disability requiring CART captioning. Both conditions are the direct basis of the underlying claims and have materially contributed to difficulty maintaining employment. Documented through Ryan White and ADAP records. Plaintiff also has a hernia condition requiring surgery that has been denied coverage by CountyCare/Evolent Health for nearly three years, with the condition worsening significantly in recent months.

## DECLARATION

I declare under penalty of perjury under 28 U.S.C. § 1746 that the foregoing information is true and correct. I request waiver of the $405.00 filing fee under 28 U.S.C. § 1915(a)(1). Indigency is independently corroborated by active SNAP, Ryan White, and ADAP enrollment, as well as by the identity theft documentation referenced above. I will provide supplemental documentation upon request.

*/s/ Joseph R. Varisco*

**Joseph R. Varisco, Pro Se**

4737 N. Saint Louis Avenue, Unit B, Chicago, Illinois 60625

Phone: (312) 405-6301 | Email: variscojr@gmail.com

Dated: April 13, 2026